NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER MICHAEL BASINSKI, : <br> : <br> Petitioner, : <br> : Civil Action No. 06-4190 (JAG) <br> v. : <br> : **OPINION** <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the petition of Peter Michael Basinski ("Petitioner" or "Basinski") for a motion to vacate his sentence ("Petition"), pursuant to 28 U.S.C. § 2255. Petitioner's motion seeks to have this Court vacate, set aside, or correct his sentence. Petitioner argues that (1) the trial court failed to consider the factors set forth in 18 U.S.C. § 3553 when determining sentencing; and (2) the sentence was "imposed in violation of the law," and hence, is reviewable under 18 U.S.C. § 3742(a)(1). For the reasons set forth in this opinion, this Court shall dismiss the Petition with prejudice.

**PROCEDURAL HISTORY**

On April 5, 2005, Petitioner pled guilty in United States District Court for the District of New Jersey before the Honorable William G. Bassler to a one-count Information, which charges that Petitioner possessed a computer containing at least three images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). This offense carries a statutory maximum sentence of

1

10 years and no statutory minimum sentence.  Basinski entered his guilty plea pursuant to a plea agreement in which the parties stipulated to the application of certain provisions of the United States Sentencing Guidelines (the "Sentencing Guidelines").  (See the "Plea Agreement.")  The parties agreed that the instant offense requires a total offense level of 18.  (Id. at 5-6.)  Also, Petitioner agreed to forgo any appeal or collateral attack (including a motion under 28 U.S.C. § 2255) upon the sentence, if the court determined the total offense level to be equal to, or less than, 18.  (Id. at 6.)[1]

On October 14, 2005, Judge Bassler held a sentencing hearing in this matter and imposed a term of imprisonment of twenty-seven months.  United States v. Basinski, Crim. No. 05-225, (D.N.J. Oct. 14, 2005) Docket Entry No. 20.

On August 30, 2006, Petitioner filed this Petition, pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.  Petitioner challenged his sentence on the grounds that, contrary to the holding in United States v. Booker, the trial court failed to consider the factors set forth in 18 U.S.C. § 3553(a).  United States v. Booker, 549 U.S. 220 (2005).  Therefore, Petitioner argues that the sentence, although within the Sentencing Guidelines range, is "[s]o [u]nreasonable" as to be "[i]n [v]iolation [o]f [t]he [l]aw," pursuant to 18 U.S.C. § 3742(a)(1).[2]

---

[1] The Plea Agreement also provided that if Basinski "enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all the terms of his agreement, the [United States Attorney's] Office will not initiate any further criminal charges against Peter Michael Basinski for possession, receipt or distribution of child pornography on or about April 19, 2004."

[2] Title 18 U.S.C. § 3742(a)(1) states that a defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence was imposed in violation of law.

## **STATEMENT OF FACTS**

On April 19, 2004, the Newark Child Exploitation Group, a branch of Immigration and Customs Enforcement, executed a search of Petitioner's home with Petitioner's consent. (Pet'r's Mot. to Vacate 3.) After a computer forensics examination, Petitioner was arrested for possession of child pornography. (Id.)

On November 9, 2004, the United States Attorney's Office for the District of New Jersey sent a proposed plea agreement to Petitioner. After review, Petitioner and his attorney signed the Plea Agreement on January 28, 2005. (Gov't's Answer Ex. 1, at 4.) On April 5, 2005, Petitioner pled guilty before the Honorable William G. Bassler to a one-count Information, asserting a violation of section 2252A(a)(5)(B) of Title 18 United States Code. (Pet'r's Mot. to Vacate 2; Gov't's Answer ¶ 2.) After receiving the Presentence Investigation Report (the "Presentence Report"), on June 2, 2005, Petitioner's attorney sent a response indicating that the decision in United States v. Booker, 549 U.S. 220 (2005), had changed the terms of the Plea Agreement. (Pet'r's Mot. to Vacate Ex. B.) Petitioner contended that the waiver of the right to appeal, and the basis for a downward departure, had to be reevaluated due to the new advisory nature of the Sentencing Guidelines. (Id. ¶¶ 3-5.)

On October 14, 2005, at the sentencing hearing, Judge Bassler asked Petitioner, and Petitioner's counsel, if they had reviewed the Presentence Report. (Tr. 2:7-12, Oct. 14, 2005 (attached as Ex. C to Pet'r's Mot. to Vacate).) Later in the proceeding, the Court informed Petitioner of his right to appeal his sentence if the plea was unlawful, involuntary, or if there was a fundamental defect in the proceeding that was not waived by his guilty plea. (Tr. 2:17-21.) Basinski then petitioned for a sentence lower than the Sentencing Guidelines range, contrary to

the terms of the Plea Agreement.  (Tr. 9:19.)  Judge Bassler sentenced Petitioner to a term of twenty-seven months.  (Tr. 16:7-8.)

On August 30, 2006, Petitioner filed the instant motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.[3]

## LEGAL STANDARD

Section 2255 of Title 28 of the United States Code, allows a prisoner in the custody of a federal court, to file a petition before the sentencing court to vacate, correct, or set aside a sentence on the grounds that: (1) the sentence imposed violated the Constitution of the United States or its laws; (2) the court did not have jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to collateral attack on other grounds.  See 28 U.S.C. § 2255.  "[A] motion to vacate [a] sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the district court."  United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980).  Unless it appears conclusively from the motion, files, and records that the petitioner is not entitled to relief, the district court must grant the petitioner an evidentiary hearing on the matter.  See id.

## DISCUSSION

### A.    The Plea Agreement

Petitioner challenges his sentence on the grounds that the trial court failed to consider his "history and characteristics," as set forth in 18 U.S.C. § 3553(a).  Therefore, Petitioner argues, the sentence was imposed in violation of the law.  As an initial matter, this Court must determine

---

[3] Petitioner's motion is before this Court due to Judge Bassler's retirement from the federal bench.

4

whether Petitioner's conditional waiver of his right to appeal, as outlined in the Plea Agreement, bars him from bringing the instant motion.

In the instant case, the Plea Agreement, dated November 9, 2004, was sent to Petitioner for review. (Gov't's Answer Ex. 1.) On January 12, 2005, the Supreme Court decided United States v. Booker, which held that the Sentencing Guidelines are advisory. 549 U.S. 220, 245 (2005). Further, Booker required the sentencing judge to consider the factors listed in 18 U.S.C. § 3553(a). Id. at 245-46. On January 28, 2005, after Booker was issued, Petitioner signed the Plea Agreement. (Gov't's Answer Ex. 1.) Petitioner had more than two weeks, between the date Booker was decided and the signing, to raise any objections to the Plea Agreement's terms based on the Booker decision. The Plea Agreement does not include any such objections or limitations. The Plea Agreement does not include any exception to the waiver for Booker. Thus, this Court proceeds to address whether the waiver itself is valid and enforceable.

### B. Petitioner Waived Right to Habeas Relief

As part of the terms of his Plea Agreement, Petitioner waived his right to collaterally challenge his sentence, pursuant to 28 U.S.C. § 2255. (Gov't's Answer Ex. 1, at 3, 6.) Petitioner's waiver first appears in language limiting both parties, stating, "this [o]ffice and Peter Basinski waive certain rights to file an appeal, collaterally attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." (Id. at 3, ¶ 2.) The waiver of § 2255 is mentioned again, this time specifically addressing the Petitioner, later in the Plea Agreement: "Peter Basinski knows he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. §

5

2255[.]" (Id. at 6, ¶ 1.)

In United States v. Khattak, the Third Circuit held that "waivers of appeals should be strictly construed." United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001). The Circuit reasoned that although it may seem unfair to bargain away meritorious appeals, it affords the defendant an opportunity to obtain a sentence range or ceiling. Id. For instance, in this case, the Plea Agreement granted Petitioner a degree of certainty regarding his eventual sentence, and barred the government from bringing other charges against him "for the possession, receipt or distribution of child pornography." (Gov't's Answer Ex. 1, at 1.) Moreover, pursuant to the Plea Agreement, Petitioner waived his right to collaterally challenge the sentence if the sentence was within the Sentencing Guidelines. (Id. at 5.) Both parties agreed that "there [was] no basis for any upward or downward departure not set forth herein. Accordingly, neither party [would] seek or argue for any departure not set forth herein." (Id.)[4]

The Third Circuit did not adopt a "blanket rule" that prohibits all review of waivers. Khattak, 273 F.3d at 562. There may be circumstances which would warrant an invalidation of a waiver of appeal. Id. To determine whether a particular sentencing error may allow for retraction of a waiver, the Third Circuit, in Khattak, adopted the same considerations set forth by

---

[4] The Third Circuit has not determined definitively whether its ruling in Khattak applies to collateral review under section 2255. See United States v. Wilson, 429 F.3d 455, 460 n.6 (3d Cir. 2005) (noting that the Third Circuit has not yet spoken on the issue of whether a plea agreement provision waiving the right to collateral attack is valid and enforceable). However, a number of courts within the Third Circuit, as well as the Third Circuit in an nonprecedential opinion, have applied the reasoning in Khattak to collateral review. United States v. Perry, 142 F. App'x 610, 611 (3d Cir. Aug. 8, 2005); United States v. Minott, No. Crim. 04-59, 2006 WL 2372118, at *1 (W.D. Pa. Aug. 15, 2006); United States v. Lam, 2006 WL 1530875, at *2-3 (E.D. Pa. June 2, 2006); Prado v. United States, 2005 WL 1522201, at *2 (D.N.J. June 27, 2005); Simon v. United States, 2006 WL 3534600, at *4-5 (D.N.J. Dec. 7, 2006). This Court agrees with these courts, and applies the standard in Khattak to waivers of collateral attack.

the First Circuit in United States v. Teeter, 257 F.3d 14 (1st Cir. 2001).  Khattak, 273 F.3d at 563; see also United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005).  The Khattak Court concluded that "the governing standard to apply in these circumstances is whether the [sentencing] error would work a miscarriage of justice."  Khattak, 273 F.3d at 563.  Therefore, the test for whether to enforce a waiver of appeal is two fold: (1) "if entered into knowingly and voluntarily, [waivers of appeal] are valid," and (2) waivers of appeal must not "work a miscarriage of justice."  Id.

    1.  *Knowingly and Voluntarily*

  The first prong of the Khattak test is satisfied here because Petitioner entered into the Plea Agreement knowingly and voluntarily, as attested to by his plea colloquy.[5]  (Tr. 2:7-12.)  The plea colloquy allows a defendant to attest, before the court, that he "underst[ands] the consequences of his plea and [has] not been improperly pressured by the government [.]"  United States v. Wilson, No. Crim. 02-295, 2007 WL 710275, at *2 (M.D. Pa. Mar. 6, 2007).  At the October 14, 2005 sentencing hearing, the Court confirmed with Petitioner that he had reviewed the Presentence Report with his attorney.  (Tr. 2:7-9.)  Judge Bassler continued by explaining the appellate procedures available to Petitioner "if [he] believe[d] the waiver [was] unenforceable[.]"[6]  (Tr. 2-3.)

---

[5] FED. R. CRIM. P 11(b)(2) requires that before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in the plea agreement).

[6] FED. R. CRIM. P. 11(b)(1)(N) requires the Court to ensure that the defendant understood the terms of the plea agreement provision waiving the right to appeal or to collaterally attack the sentence.

Additional evidence suggests that Petitioner's waiver of appeal resulted from thoughtful consideration.  Not only was Petitioner afforded ample opportunity to confer with counsel, but there was no indication that Petitioner did not understand the ramifications of his decision to waive his appeal.  This Court concludes the trial court was correct in accepting the Plea Agreement as having been entered into knowingly and voluntarily.

### 2. *Miscarriage of Justice*

A waiver of appeal cannot be valid if it works a "miscarriage of justice." A court must consider, but is not limited to, the following:

> [C]larity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

Khattak, 273 F.3d at 563 (quoting United States v. Teeter, 257 F.3d 14, 26 (1st Cir. 2001)).

In United States v. Lockett, the Third Circuit held that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of Booker."  406 F.3d 207, 214 (3d Cir. 2005).  Petitioner's sole argument is that he was sentenced outside the purview of Booker.  Petitioner provides no basis upon which this Court could conclude that the circumstances surrounding his sentence were unusual.  Therefore, he has not met his burden of demonstrating that enforcement of his waiver would work a miscarriage of justice.  Thus, for the reasons set forth above, Petitioner is barred from bringing the instant motion based on the terms of his Plea Agreement.

### C. Reasonableness of Sentence

Even if this Court did not find the waiver of appeal enforceable, Petitioner's motion would still fail for the separate and independent reason that the sentence imposed was reasonable. The Third Circuit has jurisdiction under 18 U.S.C. § 3742(a) to review "reasonableness" of any sentence. This is true if the sentence is within or outside the advisory guidelines. United States v. Cooper, 437 F.3d 324, 328 (3d Cir. 2005). In Rita v. United States, a sentence is presumed to be reasonable when it is "imposed within a properly calculated United States Sentencing Guideline range[.]" No. 06-5754, 2007 WL 1772146, at *3 (June 21, 2007).

Petitioner asserts that his sentence was imposed in error because the district court imposed the sentence "contrary to the [holding of the Supreme Court of the United States] in [United States v. Booker, 543 U.S. 220 (2005),] and without properly considering the factors set forth in 18 U.S.C. § 3553 . . . ." (Pet'r's Mot. to Vacate 5.) When determining sentencing, "[t]he record must demonstrate that the trial court gave meaningful consideration to the § 3553 factors." Cooper, 437 F.3d at 329. In Rita, the Supreme Court held that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Dolbin, 2007 WL 1893235, at *3 (3d Cir. July 3, 2007) (quoting Rita, 2007 WL 1772146, at *12). The Supreme Court continues that "[w]here a matter is conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires that the judge write more extensively." Rita, 2007 WL 1772146, at *13.

The record shows that Judge Bassler considered the § 3553 factors (Tr. 16-17), and sentenced Petitioner to a sentence within the stipulated guidelines (Tr. 16). First, the Court heard

9

the arguments of Petitioner's counsel concerning the appropriate sentence he should reach under 18 U.S.C. § 3553.  (Tr. 3-10.)  Further, the record reflects that there was no confusion about the Court's authority to tailor the Petitioner's sentence as it deemed appropriate under 18 U.S.C. § 3553(a).  (Tr. 16.)  In fact, Judge Bassler took into consideration the guidelines as well as the factors in U.S.C. § 3553(a), " . . . I haven't reached this decision lightly.  There is much merit to what [Petitioner's Attorney] says."  (Tr. 16.)  Finally, he stressed the need for a sentence within the guidelines to avoid unnecessary sentence disparities, promote deterrence, and reflect the seriousness of the offense.  (Tr. 16-17.)

In Rita, the Supreme Court held that "a circuit court may afford a 'presumption of reasonableness' to a 'within-Guidelines' sentence."  Rita, 2007 WL 1772146, at *6.  In the context of habeas review, a court reviewing the reasonableness of a sentence should be able to operate under the same presumption.  Therefore, since the sentencing judge issued a sentence within the sentencing guidelines, and explained his consideration of 18 U.S.C. 3553(a) factors, the Petitioner has not met "[his] burden of demonstrating [the] unreasonableness [of his sentence]."  Cooper, 437 F.3d at 332.

## CONCLUSION

For the reasons stated above, this Court dismisses the Petition, with prejudice, and for the reasons set forth in this Opinion, a certificate of appealability shall not issue because the Petitioner has failed to make a substantial showing of a denial of a constitutional right.

Dated: August 7, 2007

                                           S/Joseph A. Greenaway, Jr.
                                          JOSEPH A. GREENAWAY, JR., U.S.D.J.